**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| RALPH RICHARDS AND BRUNO MONTOUTE, <br><br> Plaintiffs, <br> v. <br><br> NOLIND AND ASSOCIATES WEST INDIES, INC., <br><br> Defendant. | 1:98-cv-149 <br> 1:97-cv-92 (CONSOLIDATED) |

TO: Lee J. Rohn, Esq.
 Michael Fitzsimmons, Esq.

## ORDER

THIS MATTER came before the Court upon Plaintiff's Motion to Vacate Dismissal and Reinstate and Substitute Carmen McAlpin-Clarke as Personal Representative (1:98-cv-149, Docket No. 204). Defendant filed a response, and Plaintiff filed a reply thereto. Defendant moved for leave to file sur-reply (1:98-cv-149, Docket No. 208), which the Court did not consider and now denies as moot.

Plaintiff Ralph Richards broadly presents an argument for relief under Rule 60 of the Federal Rules of Civil Procedure so that Carmen McAlphin-Clarke as Personal Representative for the Estate of Ralph Richards may be substituted for the distribution and receipt of settlement monies. This Court shall consider all arguments available under Rule 60.[1] Rule 60 provides:

---

1. The Court will not make a ruling as to whether Plaintiff Ralph Richards and Defendant Nolind and Associates West Indies, Inc. agreed to settled the case on October 10, 2008. Despite the fact that Plaintiff Richards died prior to the negotiation of the settlement, Defendant has not

*Richards v. Nolind and Assoc. West Indies, Inc.*
1:98-cv-149/1:97-cv-92 (Consolidated)
Order
Page 2

Relief from a Judgment or Order

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) mistake, inadvertence, surprise, or excusable neglect;
   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   (4) the judgment is void;
   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
   (6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.
   (1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
   (2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:
   (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
   (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
   (3) set aside a judgment for fraud on the court.

---

asked the Court to invalidate the agreement nor is it disputing its validity.  In fact, Defendant states that it is prepared to pay the amount contained in the settlement agreement.

*Richards v. Nolind and Assoc. West Indies, Inc.*
1:98-cv-149/1:97-cv-92 (Consolidated)
Order
Page 3

> (e) Bills and Writs Abolished. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela."

Fed. R. Civ. P. 60.

Plaintiff seeks relief from the order dismissing the case with prejudice (Docket No. 202) so that Plaintiff may substitute Carmen McAlpin-Clarke as Personal Representative and reinstate the settlement between Plaintiff Richards and Defendant. Plaintiff seeks to set aside the order of dismissal based on the fact that Plaintiff Richards died in 2005, prior to the fulfillment of the settlement and prior to the settlement itself, and no representative was substituted for the purposes of his estate receiving settlement monies. Upon notice by Defendant that the matter had been settled, the Court entered an order closing the file, retaining jurisdiction over the settlement agreement. Then, after Defendant filed its formal notice of settlement, the Court entered into its order dismissing the case, which also contained retaining jurisdiction language. A couple of months later, Plaintiff filed the stipulation of dismissal with regards to Plaintiff Montoute. Then, over a year and a half later, Plaintiff Richards filed the current motion.

Plaintiff argues that the order dismissing the case with prejudice should be vacated because of a "clerical mistake." Plaintiff claims that the clerical error for which relief should be granted was made by Defendant on October 10, 2008, and October 20, 2008, by stating that the case had settled with regards to the claim between Plaintiff Richards and Defendant. Pl's Opp at 1-2, Doc. 204. Further, Plaintiff contends that this Court made a clerical error by erroneously dismissed the entire case with prejudice on November 17, 2008. Pl's Opp at 2, Doc. 204. Rule

*Richards v. Nolind and Assoc. West Indies, Inc.*
1:98-cv-149/1:97-cv-92 (Consolidated)
Order
Page 4

36 of the Federal Rules of Criminal Procedure define a clerical error or mistake as "a failure to accurately record a statement or action by the court or one of the parties." *United States v. Pelullo*, 305 Fed.Appx 823, 282 (3d Cir. 2008). However, Rule 60(a) of the Federal Rules of Civil Procedure defines a clerical error as a mistake that "arise[s] from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Any Rule 60(a) claim of clerical error or mistake must be made within a reasonable time. Also, any Rule 60(b)(1) claim of mistake must be made "within a reasonable time . . . no more than a year after the entry of judgment or order or date of the proceeding." Fed. R. Civ. P. 60(b)(1). Clerical errors are those which are "minor and ministerial, and not substantively factual or legal." *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005). Here, Plaintiff failed to make a claim for error for nearly two years after the alleged settlement proceedings on October 10, 2008, and October 20, 2008, and the order dismissing the case on November 17, 2008. During the two years from alleged clerical error and the filing of this motion, Plaintiff produced a signed release of Plaintiff Montoute's claim and accepted a check tendered for the same. Therefore, Plaintiff has failed to show a clerical error or mistake existed for relief from the judgement under Rule 60(a) or Rule 60(b)(1).

The issue remains for consideration whether Plaintiff is entitled to relief from order pursuant to Rule 60(b)(6). Under Rule 60(b)(6), a motion submitted a year after the final judgment is generally untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. *Gordon v. Monoson,* 239 F. App'x 710, 713 (3d Cir. 2007). *See generally*

*Richards v. Nolind and Assoc. West Indies, Inc.*
1:98-cv-149/1:97-cv-92 (Consolidated)
Order
Page 5

*Ackermann v. United States,* 340 U.S. 193, 202 (1950); *Klapprott v. United States,* 335 U.S. 601, 613-14 (1949); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2864, at 357 (2d ed. 1995). Actions by counsel that constitute inexcusable "gross negligence" can be considered the extraordinary circumstances justifying relief under Rule 60(b)(6). *In re Subramanian,* 245 F. App'x 111, 117 (3d Cir. 2007) (citing *Boughner v. Sec'y of Health, Ed. & Welfare,* 572 F.2d 976, 978-79 (3d Cir.1978)). The fact that Plaintiff's attorney failed to notify this Court and Defendant of the death of Plaintiff Richards and file a motion to substitute the estate of Richards and Carmen McAlphin-Clarke may be considered inexcusable gross negligence.

However, in both *Gordon* and *In re Subramanian*, the Rule 60(b)(6) motions were denied because the plaintiffs were aware of the misconduct when it occurred but failed to bring their motion within a reasonable time. Although the individual plaintiffs had since fired their prior attorneys for the alleged misconduct, they were aware of the misconduct when it happened and could have timely submitted a Rule 60(b)(6) motion to vacate. Similarly, counsel for Plaintiff should have been aware of the inexcusable gross negligence as it occurred or, at the very least, shortly thereafter. There was ample time to file a motion to substitute from the time of death in 2005 until the dismissal in 2008.

This Court dismissed this case with prejudice on November 17, 2008. Nearly two years later, Plaintiff contends that the dismissal of Plaintiff Richard's case was in error. However, Plaintiff failed to present a claim that the dismissal was in error for almost two years.

*Richards v. Nolind and Assoc. West Indies, Inc.*
1:98-cv-149/1:97-cv-92 (Consolidated)
Order
Page 6

Conversely, Plaintiff filed a Notice of Readiness for Trial on April 20, 2008, despite the fact that Plaintiff Richards died on December 7, 2005. It is unclear whether Attorney Rohn acted under the authority of Plaintiff Richards, the Estate of Ralph Richards, or Carmen McAlphin-Clarke as Personal Representative on April 20, 2008, or during settlement negotiations. Since Plaintiff failed to persuade this Court that a clerical error was committed and Plaintiff failed to present a timely claim, Plaintiff's Motion to Vacate is denied.

Additionally, Plaintiff's Motion to Substitute Parties under Rule 25 of the Federal Rules of Civil Procedure requests to substitute Estate of Ralph Richards and Carmen McAlpin-Clarke as Personal Representative for Plaintiff Ralph Richards. Docket No. 204. The notification of the death of Plaintiff Ralph Richards and the motion to substitute were filed simultaneously on August 20, 2010. However, Attorney Rohn failed to notify this Court and Defendant of Plaintiff Richards' death for five years. Additionally, counsel's contention that she received no notice that the case had been dismissed in its entirety until appointment of the personal representative is nonsensical and inexcusable gross negligence as counsel receives nearly instantaneous notification of all filings in this matter since the inception of CM/ECF PACER, electronic document filing, in this jurisdiction for civil matters since June 2007. According to Rule 5.4 of the Local Rules of Civil Procedure of the District Court of the Virgin Islands, all cases are assigned to the electronic filing and notice of filing constitutes service on the registered users. Attorney Rohn was registered with the Court for purposes of receiving notices of electronic filings as "lee@rohnlaw.com." It is counsel's duty to maintain current and accurate contact

*Richards v. Nolind and Assoc. West Indies, Inc.*
1:98-cv-149/1:97-cv-92 (Consolidated)
Order
Page 7

information for electronic filings. *Ash Trucking Co., Inc. v. Global Indus. Technologies, Inc.*, No. 07-1443, 2008 WL 437028 at *3 (W.D. Pa. 2008).

Attorney Rohn is no stranger to CM/ECF PACER as she has filed hundreds of suits in the District Court of the Virgin Islands. All of the filed documents in this matter were filed electronically on CM/ECF PACER. The parties were notified by their designated email address at the time each document was uploaded in this case. Attorney Rohn's email address was prompted for notification of the filing of all documents in this case and all of the other federal cases in which she remains lead counsel. Defendant also notes that Attorney Rohn provided the release for Plaintiff Montoute's settlement, received settlement monies, and tendered settlement payment. The CM/ECF PACER system and notifications was the conduit for the settlement notification and dismissal of both Plaintiff Montoute and Plaintiff Richards. Plaintiff Montoute's claim and Plaintiff Richards's claim were captioned under the same case and docket report under CM/ECF PACER. And, Plaintiff has failed to dispute that position.

The court has a duty to determine whether the substitute party, the administrator of the estate, was properly appointed. *Escareno v. Noltina Crucible and Refactory Corp.*, 139 F.3d 1456 (11th Cir. 1998). Here, the parties have agreed that the estate of Ralph Richards and Carmen McAlphin-Clarke as Personal Representative is the appropriate substitution for Plaintiff Richard for the purposes of the release and tender of settlement monies. Therefore, there is no duty to resolve that issue and hold a hearing in accordance with Rule 60.

*Richards v. Nolind and Assoc. West Indies, Inc.*
1:98-cv-149/1:97-cv-92 (Consolidated)
Order
Page 8

However, the remaining issue is whether the Plaintiff's motion was timely. According to V.I. CODE ANN. tit. 5, § 78.:

> No action shall abate by the death or disability of a party or by the transfer of any interest therein, if the cause of action survives or continues. In case of the death or disability of a party, the court may *at any time within two years thereafter,* on motion, allow the action to be continued by or against his personal representatives or successor in interest.

*Id*. (emphasis added). Any party who unreasonably delays the filing of death may be denied the opportunity to substitute a party. *Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir. 1990). In *Hodge v. McGowan*, No. 2007-57, 2008 WL 4924628, at *6 (V.I. 2008), the Supreme Court of the Virgin Islands denied a motion for substitution because the motion was not within two years of the decedent's death. Instead, the appellant-defendant failed to notify the court of the death for ten years. The statute allows the court discretion to deny a motion that is made within the two years, but there is no mention of the court's discretion to consider the motion timely when it exceeds the two year limitation. The Supreme Court of the Virgin Islands held that there was no abuse of discretion because the plaintiff failed to supply a suggestion of death for ten years and the "circumstances have arisen rendering it unfair to allow substitution." *Id*. Here, Plaintiff failed to file a motion for substitution within two years. Consequently, by operation of the statute, the Estate of Ralph Richards and Personal Representative of Ralph Richards's Estate, Carmen McAlphin-Clarke, will not be substituted since the motion is untimely.

With regard to Defendant's request for sanctions, any motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure must be separate from any other motion and must

*Richards v. Nolind and Assoc. West Indies, Inc.*
1:98-cv-149/1:97-cv-92 (Consolidated)
Order
Page 9

describe the specific conduct that allegedly violated Rule 11(b). Fed. R. Civ. 11(c)(2). Since Defendant failed to provide a separate motion and describe the specific conduct that allegedly violated Rule 11, sanctions will not be granted at this time.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiff's Motion to Vacate Dismissal and Reinstate and Substitute Carmen McAlpin-Clarke as Personal Representative (1:98-cv-149, Docket No. 204) is **DENIED**.

2. Defendant's Motion for Leave to File Sur-Reply (1:98-cv-149, Docket No. 208) is **DENIED AS MOOT**.

3. Defendant's request for sanctions (1:98-cv-149, Docket No. 205) is **DENIED**.

ENTER:

Dated: October 26, 2010                /s/ George W. Cannon, Jr.
                                       GEORGE W. CANNON, JR.
                                       U.S. MAGISTRATE JUDGE